UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENEVIEVE HENDERSON,<br>  *Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br>  *Defendant*. | Civil No. 3:13cv378 (JBA)<br><br>February 13, 2015 |

**RULING ON PENDING MOTIONS**

Defendant Wells Fargo Bank moves [Doc. # 28] to set aside the Entry of Default and to Dismiss. Plaintiff Genevieve Henderson moves for Default Judgment [Doc. # 26] and to Amend the Complaint [Doc. # 25]. For the reasons that follow, Defendant's motion is granted as to setting aside the Entry of Default and denied as to dismissal, Plaintiff's Motion for Default Judgment is denied and her Motion to Amend is granted.

**I.     Background**

On January 17, 2014, Plaintiff was granted [Doc. # 15] leave to proceed *in forma pauperis* and the Clerk's Office sent [Doc. # 17] her the Marshals Service Form, which she was required to complete and return to provide the United States Marshals Service with the information it needed to be able to serve Defendant with process. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff maintains that she returned the completed Marshals Service Form to the Clerk in January 2014, but the docket does not reflect the Clerk receiving it and there was no docket activity until August 2014 when Plaintiff, having heard nothing about the status of her case, contacted the Clerk's Office and was told the Marshals Service Form had not been received. (Pl.'s Opp'n to Mot. Set Aside [Doc. # 32] at 3.) Plaintiff was sent

another copy of the Marshals Service Form for her to complete and on August 25, 2014, the completed form [Doc. # 18] was forwarded to the Marshals Service to serve on Defendant. The Marshals Service sent Defendant a request for waiver of service of a summons. *See* Fed. R. Civ. P. 4(d). The Process Receipt and Return [Doc. # 19] for this request for waiver of service was initially incorrectly docketed as being a returned summons, rather than a certification that a request for waiver of service had been sent, but was later corrected to reflect that "this is not a summons returned executed." (*See* Doc. ## 19–20.) Although Defendant did not agree to waive service of process and was not served with a summons, on October 24, 2014, Plaintiff moved [Doc. # 21] for Default Entry, which the Clerk entered [Doc. # 23] on November 6, 2014.

II.   **Discussion**

   A.   **Motion to Set Aside Entry of Default**

A court "may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), and the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). In order to decide whether to relieve a party from default courts consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96.

Defendant contends that default was not willful and should be set aside because Plaintiff never made effective service of process. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant" and in "the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names

2

as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Here, Plaintiff mailed to Defendant only a request for waiver of service of process, which was not returned, and thus service of process was not completed even though, as Plaintiff notes, Defendant has become aware of the pendency of this case. *See Tuitt v. Long Island R. Co.*, No. 10 CIV. 8582 ALC GWG, 2012 WL 3241658, at *4 (S.D.N.Y. Aug. 10, 2012) ("An unanswered request for waiver of service of process is not a substitute for actual service of process" (quoting *Ryan v. Krause,* 2012 WL 2921815, at *6 (D.R.I. July 17, 2012)).

Absent effective service of process, Defendant was not obligated to respond to Plaintiff's complaint and there is therefore good cause to set aside the entry of default. *See Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) ("The default was not willful where Defendants, not having been served, had no duty to respond to the Complaint, and their alleged defenses are meritorious. In addition, Plaintiff is not prejudiced where he did not comply with the Federal Rules. Vacating the default is thus clearly appropriate."); *see also Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("The default judgment at issue here must be vacated, because service was defective."). Therefore, Defendant's Motion to Set Aside the Entry of Default is granted and Plaintiff's Motion for Default Judgment is denied.

### B.     Motion to Dismiss

Defendant also moves to dismiss the Amended Complaint pursuant to Rule 12(b)(5) for insufficient service of process. In deciding a Rule 12(b)(5) motion, a court must look to Rule 4, which governs the content, issuance, and service of a summons. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Plaintiff was proceeding *in forma pauperis*, she "was 'entitled to rely on service by the U.S. Marshals'" and so long she "provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." *Ruddock v. Reno*, 104 F. App'x 204, 206–07 (2d Cir. 2004) (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties [for *in forma pauperis* plaintiffs]."). Accordingly, Plaintiff has shown good cause for the failure to effect service of process and the Court will extend the deadline for service of process to 30 days from the date of this Ruling. The Marshals Service is directed to serve Defendant with a summons and a copy of the complaint. As Defendant has declined to waive service of the summons, it will be bear the expenses incurred. *See* Fed. R. Civ. P. 4(d)(2)(A).

### C.     Motion for Leave to Amend the Complaint

Finally, Plaintiff moves [Doc. # 25] to Amend the Complaint to correct an error in which the original complaint "mistakenly listed 'Breach of Fiduciary Duty' instead of '[Breach] of Contract'" as a claim. (Mot. to Am. [Doc. # 25] at 1.) Fed. R. Civ. P. 15(a) provides that a "party may amend its pleading once as a matter of course within . . . 21 days after serving it." Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.

4

### III. Conclusion

For the reasons set forth above, Defendant's Motion [Doc. # 28] to Set Aside Default and to Dismiss is GRANTED as to setting aside the Entry of Default [Doc. # 23] and DENIED as to dismissal; Plaintiff's Motion [Doc. # 26] for Default Judgment is DENIED and her Motion [Doc. # 25] for Leave to Amend the Complaint is GRANTED and the Clerk is directed to docket Plaintiff's Third Amended Complaint [Doc. # 25-1]. The Clerk is further directed to issue a summons, which the Marshals Service shall serve upon Defendant along with a copy of the Third Amended Complaint by March 12, 2015.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of February, 2015.