UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENEVIEVE HENDERSON, )<br>  )<br>   Plaintiff, )<br>  )<br>v. )<br>  )<br>WELLS FARGO BANK, N.A., )<br>  )<br>   Defendant. )<br>_____) | Civil Action No. 3:13-cv-00378-JBA |

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO AMENDED COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") answers the Amended Complaint (the "Complaint") filed by Plaintiff Genevieve Henderson's ("Plaintiff") by denying each and every allegation set forth in the Complaint not specifically admitted herein, and further responds as follows:

JURISDICTION

1.  Wells Fargo assents to the Court's jurisdiction.

PARTIES

2.  Wells Fargo denies the allegations set forth in Paragraph 2 except to admit that Plaintiff is the owner and resident of 22 Lake Road, Middlefield, CT.

3.  Wells Fargo denies the allegations set forth in Paragraph 3 except to admit that Wells Fargo is a national bank conducting business in Connecticut.

BACKGROUND

4.  Wells Fargo denies the allegations set forth in Paragraph 4 except to admit that Plaintiff obtained a loan from Wachovia Bank, that loan documents from that

transaction speak for themselves, and that Wells Fargo acquired Wachovia Bank after the closing date of the aforementioned loan.

5. Wells Fargo denies the allegations set forth in Paragraph 5.

6. Wells Fargo denies the allegations set forth in Paragraph 6.

7. Wells Fargo denies the allegations set forth in Paragraph 7.

8. A) Wells Fargo denies the allegations set forth in Paragraph 8A.

B) This allegation pertains to a cause of action dismissed by this Court, therefore, no response is required. To the extent a response is required, Wells Fargo denies the allegation set forth in Paragraph 8B.

9. Wells Fargo denies the allegations set forth in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 10 except to admit that Plaintiff received a "Special Forbearance Agreement," which speaks for itself.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 11 except to admit that Plaintiff sent several letters of complaint to Wells Fargo.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 12 except to admit Plaintiff sent Wells Fargo a letter of complaint on April 3, 2012.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations set forth in Paragraph 13 because they are neither an accurate nor complete description of the communications between the parties and because they improperly attempt to characterize communications between the parties.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations set forth in Paragraph 14 because they are neither an accurate nor complete description of the communications between the parties and because they improperly attempt to characterize communications between the parties.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 except to deny that Wells Fargo caused Plaintiff damages and otherwise deny the allegations because they are neither an accurate nor complete description of the communications between the parties and because they improperly attempt to characterize communications between the parties.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 17.

## LEGAL CLAIM

18. Wells Fargo incorporates its responses to Paragraphs 1-17 as if fully set forth below.

19.    A.    BREACH OF CONTRACT:

Paragraph 19A contains legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 19A except to admit that Plaintiff received a "Special Forbearance Agreement," which speaks for itself. Wells Fargo denies that it has breached any agreement.

   B.    UNFAIR TRADE PRACTICES:

Paragraph 19B contains legal conclusions to which no response is required. Further, to the extent that the allegations in Paragraph 19B pertain to a cause of action dismissed by this Court, no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 19B and denies that it has acted improperly or unlawfully.

   C.    MISREPRESENTATION OF FACTS:

Paragraph 19C contains legal conclusions to which no response is required. Further, to the extent that the allegations in Paragraph 19C pertain to a cause of action dismissed by this Court, no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 19C and denies that it has acted improperly or unlawfully.

D.     INFLICTION OF EMOTIONAL DISTRESS:

Paragraph 19D contains legal conclusions to which no response is required. Further, to the extent that the allegations in Paragraph 19D pertain to a cause of action dismissed by this Court, no response is required. To the extent a response is required, Wells Fargo denies the allegations set forth in Paragraph 19D and denies that it has acted improperly or unlawfully.

E.     FRAUDULENT, UNLAWFUL, and/or ABUSIVE FORECLOSURE:

This cause of action was dismissed by this Court, therefore, no response is required.

## PRAYER FOR RELIEF

Wells Fargo denies that Plaintiff is entitled to any of the relief sought in the wherefore clause under the caption "Prayer for Relief" following Paragraph 19.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Wells Fargo asserts a defense of set off. To the extent Plaintiff recovers any monetary award in this action, such amount should be set off against the amount owed under the mortgage loan.

### Second Affirmative Defense

To the extent that Plaintiff has suffered damages, such damages were not proximately caused by Wells Fargo.

### Third Affirmative Defense

Plaintiff failed to mitigate her damages, if any exist.

5

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands or *in pari delicto.*

### Fifth Affirmative Defense

Plaintiff is comparatively or contributorily at fault for her damages, if any.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform her contractual obligations.

### Seventh Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Eighth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Ninth Affirmative Defense

Plaintiffs' claims are barred because she has suffered no damages.

### Tenth Affirmative Defense

Wells Fargo reserves the right to assert further affirmative defenses as discovery. proceeds.

                                              Respectfully submitted,
                                              Wells Fargo Bank, N.A.,
                                              by its attorney,

                                              */s/ Sean R. Higgins*
                                              Sean R. Higgins (Bar No. ct28279)
                                              K&L Gates LLP
                                              State Street Financial Center
                                              One Lincoln Street
                                              Boston, MA 02111
                                              Phone: 617-261-3100
Dated: February 10, 2016                Fax: 617-261-3175

<u>CERTIFICATE OF SERVICE</u>

      I, Sean R. Higgins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 10, 2016                               <u>*/s/ Sean R. Higgins*</u>