UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| GENEVIEVE HENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:13-cv-00378-JBA |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

2016 FEB -9 P 4:41

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:        March 19, 2013

Date Fourth Amended Complaint   Filed: May 29, 2015

Date Complaint Served:        Service Waived

Date of Defendant's Appearance:   December 29, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on Friday, February 5, 2016. The participants were:

- Genevieve Henderson, the pro se Plaintiff on her own behalf;
- Attorney Sean Higgins, for Defendant Wells Fargo Bank, N.A.

### I.   CERTIFICATION

The undersigned Plaintiff and Counsel for Wells Fargo, have discussed the claims in the Complaint but have not discussed his defenses since he has not filed an answer to the Complaing. However, from these discussions, the Plaintiff proposes the following case management Plan.

The Plaintiff that he has forwarded a copy of this report to the Defendant.

## II.    JURISDICTION

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(i).

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff's Fourth Amended Complaint (the "Complaint") asserts the following four causes of action against Wells Fargo:  (1) breach of contract;  (2) unfair trade practices in violation of Federal and State  Unfair Trade Practices Act;  (3) negligent misrepresentation; and   (4) negligent infliction of emotional distress.  The factual allegations supporting Plaintiff's claims involve Wells Fargo's alleged misconduct from the time Plaintiff applied to Defendant for a mortgage modification (via Reverse Mortgage or Hamp Modification in 2010) **and throughout the ENTIRE FORECLOSURE PROCESS**  (including the loan modification process in 2011), and beyond through 2015.   Plaintiff claims that since she had to be approved by Defendant first in order to participate in the modification plan (which she was),  and  2) since she successfully complied with, and timely completed the temporary payment plan (TPP) for the Hamp modification (which she did), Wells Fargo was obligated to provide her with a loan modification contract.    Plaintiff claims Wells Fargo breached that agreement when it failed to provide Plaintiff a modification contract.   Further, Plaintiff alleges Wells Fargo made false promises and misrepresentations regarding a reverse mortgage, the loan modification, and mediation promises, that she relied upon to her detriment, and that Wells Fargo engaged in unfair trade practices that resulted in pecuniary and emotional and/or physical damages.

B.  *Defenses and Claims of Wel ls Fargo*

Wells Fargo denies Plaintiff's claims and asserts that it engaged in no unlawful conduct during the loan modification process.  Wells Fargo asserts that it did not breach the subject agreement because it was under no obligation to modify Plaintiff's loan.   Regardless, Plaintiff's failure to make loan payments bars her requests for relief. Wells Fargo did not make any false or improper representations to Plaintiff regarding the loan modification process or engage in any unfair trade practices to her detriment.   Wells Fargo lawfully administered the loan which has been in default since 2010.

C.  *Defenses and Claims of Third Party Defendants*

No third party defendants have been identified.

## IV.  STATEMENT OF UNDISPUTED FACTS

The Plaintiff certies that she has made a good faith attempt with counsel, to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:   Although the Counsel disagrees with the following list, Plaintiff states that the following Material facts and they are undisputed.

- Plaintiff has not made payment since March 2010.
- Plaintiff and Wells Fargo entered into a Special Forbearance Agreement in June 2011.
- Plaintiff did make 3 consecutive payments to Wells Fargo pursuant to the above mentioned June 2011 Forbearance Agreement.
- Defendant did accept each of the 3 above mentioned payments for said Agreement.
- Notwithstanding the acceptance of said payments, Wells Fargo did not send Plaintiff the the loan modification.

## V.  CASE MANAGEMENT PLAN

A.  *Standing Order on Scheduling in Civil Cases*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:   (a)   Deadlines for motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings, and the motion to dismiss are not necessary.  The Court issued a revised scheduling order with such deadlines on May 11, 2015.   Further, Wells Fargo filed its Motion to Dismiss in July 2015 and the Court issued its decision on this Motion on January 27, 2016.   Therefore, any prospective scheduling order need not include deadlines for such motions.   In the event Defendant files an Answer with Special Defenses and Counterclaim, Plaintiff requests sufficient time to properly respond and/or rmove to Dismiss the same.   (b) Given the procedure history of this matter, the parties request that formal discovery shall be completed within 180 days after the parties have conferred as required by Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 16.   c) Similarly, the parties request that all motions for summary judgment shall be filed within 45 days after formal discovery is completed.   (d) The parties request, however, as set forth in the Standing Order on Scheduling in Civil Cases, that any scheduling order may be further modified  pursuant to a stipulation signed by all parties and approved by the presiding Judge, or on motion by any party for good cause shown or by the presiding Judge acting *sua sponte*.

B. *Scheduling Conference with the Court*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).   In the event a pretrial conference is scheduled, the parties prefer a conference by telephone.

C. *Early Settlement Conference*

1. The Plaintiff has considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.   The parties have already participated in a settlement conference with a magistrate judge.   However, the case was not settled as

Defendant's counsel did not have decision making authority, and, that his client was not interested in a settlement.

2. The Defendant does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. P. 16. however, Plaintiff is not opposed to any early resolution of this case.

### D. Joinder of Parties and Amendment of Pleadings

1. The Court entered a revised scheduling order on May 11, 2015 after the parties participated in a pre-filing conference with the Court. The Court required Plaintiff to file a final amended complaint by May 29, 2015, which Plaintiff did. Therefore, at this time Plaintiff has no reason to amend, however reserves her right to request permission to amend should a circumstance require it, i.e., reversal in the State Appellate Court of the Trial Court's ruling regarding Defendant's Standing and the State Court's Jurisdiction of the foreclosure case.

2. Wells Fargo filed its motion to dismiss on July 13, 2015. The Court issued its order on the motion to dismiss on January 27, 2016. Wells Fargo will file an answer to the Complaint by February 10, 2016. Therefore, Plaintiff requests 30 days from the date she receives Defendant's Answer to respond.

### E. Discovery

a. The parties anticipate that discovery will be needed on the following subjects: Discovery, to the extent not privileged or otherwise not discoverable, is necessary as to Plaintiff's claims for breach of contract, unfair trade practices pursuant to State and Federal Law, negligent misrepresentation of facts, and negligent infliction of emotional distress. Discovery will entail, as much as possible the parties' conduct from March 2010 throughout the entire foreclosure process, including the June 2011 special forbearance agreement. Discovery will relate to misrepresentations and false promises made by Wells Fargo to

Plaintiff during the entire foreclosure process, alleged as unfair trade practices and the infliction of emotional distress as a result therefrom.    Discovery will also be made to ascertain the damages resulting from Wells Fargo's alleged misconduct including pecuniary and emotional damages.

    b.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by February 5, 2016 and completed (not propounded) by August 3, 2016.

    c. Discovery will not be conducted in phases.

    d.  The parties anticipate that Plaintiff will require a total of 3 depositions of fact witnesses and that Wells Fargo will require a total of 3 depositions of fact witnesses. The depositions will commence by April 8, 2016 and be completed by August 3, 2016.

    e.  The parties may request permission to serve more than 25 interrogatories.

    f.  In the event Plaintiff calls expert witnesses at trial, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts *pursuant* to Fed. R. Civ. P. 26(a)(2) by July 6, 2016.   Depositions of any such experts will be completed by August 3, 2016.

    g.  Wells Fargo does not intend to call expert witnesses at trial. In the event that this changes, Wells Fargo will designate all trial experts and provide Plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 6, 2016.   Depositions of such experts will be completed by August 3, 2016.

    h.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 3, 2016.

    i. Plaintiff has not discussed with counsel the disclossure of electronically stored informatio, including, but not limited to, the form in which such data shall be produced, search terms to

be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

> The parties do not anticipate any issues regarding electronically stored information. Howeveer, the Plaintiff reserves the right to request such information should it become necessary and/or material to the case.

j.  The Plaintiff has not discussed with counsel, the procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, however Plaintiff does not anticipate any issues regarding the above subject matter.  Plaintiff agrees to the following procedures for asserting claims of privilege after production:

> The inadvertent production of any privileged or otherwise protected information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, as to the inadvertently produced document and as to any related material.  The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been inadvertently produced. Upon receiving written notice from the Producing Party that privileged information and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be destroyed or returned to the Producing Party within five (5) business days of receipt of such notice and the Receiving Party shall not use such

information for any purpose until further Order of the Court. All copies of the documents in electronic format must also be returned, or destroyed.

If the Receiving Party contests the privilege or work-product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, move the Court for an Order compelling production of the material, but shall not assert as a ground for enter such an Order the fact or circumstances of the inadvertent production. If no such relief is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph. Any analysis, memoranda, or notes which were generated based upon such inadvertently-produced information shall immediately be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged; or (b) the Court rules that the information is privileged.

*F. Dispositive Motions*

Dispositive motions will be filed on or before September 16, 2016.

*G. Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda Civil Cases will be filed within 30 days after the entry on the ruling of the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Motion on Trial Memoranda in Civil Cases will be filed ninety (90) days after the completion of all discovery.

## VI.     TRIAL READINESS

This case will be ready for trial by November 16, 2016, or sixty (60) days after the Court's ruling on any dispositive motion, whichever is later.

The undersigned *pro se* party certifies that she will cooperate with all other parties, and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

_____
Genevieve Henderson
22 Lake Road
Middlefield, CT 06455
Phone: 860-349-000210

## CERTIFICATION:

I hereby certify that on February 9, 2016, I have mailed a copy of the foregoing document to Attorney Sean Higgins, K & L GATES LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111.

BY _____
Genevieve Henderson