UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENEVIEVE HENDERSON,<br>    *Plaintiff*,<br>    *v.*<br>WELLS FARGO BANK, NA,<br>    *Defendant.* | Civil No. 3:13-cv-378 (JBA)<br><br>April 26, 2016 |

### RULING DENYING PLAINTIFF'S MOTION TO STRIKE

Plaintiff Genevieve Henderson moves to strike [Doc. # 75] Defendant Wells Fargo Bank, NA ("Wells Fargo")'s Fifth Affirmative Defense, which asserts "Plaintiff is comparatively or contributorily at fault for her damages, if any," on the ground that Defendant failed to set forth facts supporting its claim of contributory negligence. As Wells Fargo notes in its opposition [Doc. # 79], however, Plaintiff's motion is based, erroneously, on Connecticut Practice Book § 10-53,[1] which is not applicable in this federal case. Rather, under *Erie R. Co. v. Tomkins*, in diversity cases, such as this one, federal courts apply substantive state law but *federal procedural* law. 304 U.S. 64, 92 (1938).

Under Federal Rule of Civil Procedure 8(b), "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Similarly, Rule 8(c) requires only that "a party . . . affirmatively state" any affirmative defense. "There is no requirement under Rule 8(c) that a defendant plead any facts at all." *Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013); *see Tardif v. City of New*

---

[1] Connecticut Practice Book § 10-53 states, "[i]f contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant and the defendant shall specify the negligent acts or omissions on which the defendant relies."

*York*, 302 F.R.D. 31, 36 (S.D.N.Y. 2014) (same); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."). Because Defendant's Answer is adequate to meet the lenient standard established by the Federal Rules of Civil Procedure for pleading an affirmative defense, Plaintiff's motion to strike is DENIED.

                          IT IS SO ORDERED.

                          ___/s/_____
                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of April, 2016.