UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT 2016 DEC 22  A 11: 12

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| GENEVIEVE HENDERSON, ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Civil Action No. 3:13-cv-00378 (JBA) |
| WELLS FARGO BANK, N.A., ) | |
| Defendant ) | December 22, 2016 |
| ) | |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
# AND
# DEFENDANT'S SUPPLEMENT TO ITS SUMMARY JUDGMENT MOTION

Plaintiff respectfully OPPOSES Defendant's Motion to Strike and it's Supplement to its Summary Judgment Motion. Plaintiff also respectfully requests this Honorable Court to Strike, Disregard, and/or Remove counsel's Affidavit as Wells Fargo's Defense Counsel see #3..

1.  Defendant wants to Strike Plaintiff's 3-payment contract and Affidavit for the following reasons:

      A.   It's inadmissible under Rule 408;
      B..  It was not produced during discovery;
      C.   It's not Authenticated;
      D.   It contradicts Plaintiff's testimony;
      E.   It relies on a 3-payment Agreement;  and.
      F.   It relies on News Paper Articles.

2. Addressing Defendant's claims in the order stated above:

    a) Federal Rules of evidence, 408 DOES NOT EXCLUDE Plaintiff's Contract, rather Rule 408 <u>excludes</u>

    ". . settlement discussions . . . "

    ". . . offers of settlement. . . "

    ". . . documents [that] were settlement Offers . . . "

The above are the holdings in **Iron Workers Dist. Counsel of W. N.Y. and Vicinity Annuity and Pension Funds v. Scott Inc**. 474 F. Supp. 2d 467, 473 (W.D. NY.2007); **Ortiz v. Town of Stratford**, 208 WL 4630527 at 19 (D.Conn. Oct. 14, 2008), and **Trebor Sportswear Co. v. The limited Stores Inc**. 865 F. 2d. 506. 510 (2nd circ 1989).

Certainly civil actions settled by Stipulated Agreement, or a "written

Agreement" was at some point in time "discussed" or "offers of settlement."

And, it stands to reason that the "Contract" or "written Agreement" born out of those "discussions" are ADMISSIBLE and ENFORCEABLE once that Contract is **executed, partly PERFORMED, then BREACHED,** as in this case.

In this case, Plaintiff's Contract is not a "document [of the] . . . settlement offer," rather it's a lawful contract enjoying all the protections of Contractual Law including its ENFORCEABILITY.

Our 2nd cir. in **Trebor Sportswear Co.** (supra), found that the Sportswear Co. claimed a Breach of Contract, but supported its claim with NO CONTRACT at all, rather **it produced a document that was actually the party's <u>settlement offer</u>.** Which was correctly EXCLUDED under Rule 408.

This Plaintiff produced a Lawful Contract (that was AUTHORED BY THE DEFENDANT), along with her 3 canceled checks that were cashed by the Defendant as payments to the Contract.

Defendant attempts to escape Liability and/or the enforcement of the contract by the **misapplication of Rule 408**.

If Defendant's application of Rule 408 was to be correct (which IT IS NOT), it would serve to work an INJUSTICE in every similar application of the Rule.  For example,  In every civil action in which the parties discussed an "offer to settle" which eventually resulted in a written agreement, that agreement could never be enforced, according to Defendant, because such "written agreement" could always somehow be traced back to some prior negotiation making it unenforceable.

Defendant's position that they can escape liability, or the enforcement of any contract, solely because it was born out of negotiations, does not square with Contractual Law, public policy, nor the case cites Defendant included in support of its position.

To exclude a written contract AUTHORED by the Defendant, partly performed by the Defendant, then breached by the Defendant, would not only work

an injustice to the Plaintiff, but would serve to encourage such an offender to

simply repeat their egregious acts in other civil suits by negotiating a stipulated

agreement, then putting the same in a written contract, and when such contract/

agreement NO LONGER BENEFITS Defendant, they simply BREACH it because

according to Defendant, such contract IS NOT admissible nor enforceable

under Rule 408.

What's more disturbing is that Defendant states that the Forbearance

Agreement is really just a proposed offer to settle that should be stricken.  At the

same time Defendant states in its State Court Affidavit (Ms. Mulder's) that
>" . . . Wells Fargo has not agreed . . . to modify . . . any
>provisions . . . in the Note or the Mortgage securing it
>**except that Wells Fargo approved a Special Forbearance**
>**Agreement . . . "**    See Plaintiff's (Ms Mullder's) Affidavit.
>and in Defendant's  Memorandum. of Law supporting Summary
>Judgment  page 14,  para C. states;
>" Plaintiff can not recover from Breach of the Forbearance
>Agreement because <u>she breached the agreement first</u>."

Defendant's above quoted statement DOES  NOT say the "Agreement" is a

proposed settlement offer (because one can not breach an "offer to Settle.")

Defendant makes clear that, in fact, there was a lawful written contract and that it was Plaintiff who "BREACHED the Agreement" first, therefore, REMOVING Plaintiff's contract from Rule 408.

Defendant makes several other quotes that evidence a contract between the parties, and claiming that Plaintiff and not the Defendant, breached it.

For example in para. 49 of Defendant's 2016 Rule 56(a)(1) Statement, it states that Plaintiff breached the agreement by failing to "make the fourth payment. . . "   Defendant supports this statement by Penno's Affidavit para. 30; Counsel's Affidavit Ex. B-1, 213: 6-9;  Counsel's Affidavit Ex. 5 No.9.

The evidence produced by both parties agree there was a written contract, however, **the material factual issue in dispute is whether Plaintiff or Defendant breached it**; thereby, **EXCLUDING Summary Judgment as a matter of law.**


    b)   Defendant argues that Plaintiff failed to produce the 3-payment agreement during discovery, however, what Defendant failed to state is that in 2011 Plaintiff signed and returned the original 3-payment Agreement to Defendant.

6 of 29

Defendant itself, points out on page 4 of its footnote in its Reply, that Plaintiff attached an unsigned copy of the 3-payment Agreement, in Plaintiff's Opposition to Wells Fargo's Motion to Dismiss in 2015 (well before discovery). And on page 9 of Defendant's Motion to Strike, Defendant deposed Plaintiff and asked about the original 3-payment Agreement to which Plaintiff testified:
"I couldn't have the original, I sent it to Wells Fargo."

Also, Plaintiff did not bring any documents to the Deposition believing there was no necessity for that because Wells Fargo had a copy of all her documents (which was hundreds and hundreds of documents).

Additionally, an omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party.

Based on the above evidence, and since Defendant received the original 3-payment Agreement in 2011 and a copy in 2015, Plaintiff is "substantially justified" to have filed her latest copy of the 3-payment Agreement in Opposition to Defendant's Summary Judgment Motion after discovery closed.   "The Fact that discovery closed has no bearing on [Plaintiff's] duty to supplement under Rule 26(e)."

**A & R Body Spec & Coll Works Inc. v. Preg. Cos. Ins. Pro. Co.**, 2041 WL 6474285 at 2 (D.Conn. Nov. 19, 2014).

The **2015** exhibit of Plaintiff's **contract**, and the **2016** exhibit of Plaintiff's **contract are identical in material substance; ho**wever, in 2015, Plaintiff took the first document she could find relating to her contract (which was a copy of her contract before it was signed) as an exhibit in her Opposition to Defendant's Motion to dismiss, and in 2016, Plaintiff located the signed copy of her contract as an exhibit in her Opposition to Defendant's Summary Judgment Motion.

Plaintiff has been consistent throughout her State Court and Federal Court Pleadings in that she's always stated that she entered into contract with Defendant who did accept 3 payments, and then BREACHED the Agreement by IGNORING it.

Therefore, Defendant has possession of that original contract, having no lawful reason to request the same from Plaintiff through discovery. Defendant's Motion to Strike the Contract because Plaintiff failed to produce documents that Defendant already possesses, is an abuse of discovery and of Pleadings to Strike.

Plaintiff testified that she sent the original to Defendant in her Opposition to

Defendant's Motion to Dismiss.    Because Defendant had control of the original agreement in 2011, and a copy in 2015, and now another copy in 2016. Plaintiff had no obligation to produce it

This Honorable Court should take Judicial Notice to the fact that the very first time Defendant's 4-payment version of the Agreement ever surfaced was when Defendant filed their 2015 Motion to Dismiss, which was over 4-years after the parties entered into the Agreement in 2011.    Not only did Defendant NEVER state there was a 4-payment version of the Agreement, but NEVER referred to, nor ever asked for a 4TH PAYMENT of over $47.000.

Defendant is now asking this Honorable Court to Strike a document that they have had in their possession since June of 2011; and then provided in 2015; and now, in 2016.   To Strike the very contract that is the "CORE" of Plaintiff's Complaint, would work an injustice to her, even if she could re-file her Complaint under the "Accidental Failure of Suit Statute," not only would this be a waste of Judicial Resources, but would work a serious injustice to Plaintiff at this late stage in her life.                           9 of 20

As previously stated, an omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party..

Conn. Practice Book, Sections 1-8 does allow this Honorable Court to liberally interpret the rules   " . . . **in any case  where  it shall be manifest that a strict adherence to them will work surprise or injustice . . .** "

Defendant has never claimed to be surprised or prejudiced by Plaintiff's contract because they, in fact, had possession of the original  contract, partly performed it by accepting and cashing  each of Plaintiff's 3 check payments and NEVER ONCE said  that Plaintiff Breached by failing to make a "4th payment" because NONE EXISTED.   Defendant's version of the contract is their manipulated safeguard against being liable for breaching it.

It was  Plaintiff  that was totally surprised and suspect of Defendant's 2011  4 payment Agreement  which Defendant presented for the very first time in their Motion to Dismiss in 2015.    Especially since their version of the Contract not only had 4 payments, but that 4 payment contract was NEVER mentioned by

Defendant, nor produced until 4-years AFTER it was entered into in 2011, partly performed, and then just ignored with NO MENTION WHATSOEVER that Plaintiff DID NOT MAKE A 4TH PAYMENT. of over $47,000.

Defendant HAS NOT been PREJUDICED or SURPRISED in ANY WAY WHATSOEVER by Plaintiff's exhibit of her Forbearance Agreement since Defendant already listed every conceivable defense to this contract, including that "it is Plaintiff who breached this Agreement first."

It is settled that discovery is only properly employed when the moving party (in this case, Defendant), requests documents that are not in Defendant's possession already.   In other words, because Defendant already possessed the contract, it had no reason to request the same from Plaintiff, hence, it can not now demand sanctions for her most recent production of it.


c).   Defendant claims that Plaintiff has failed to <u>authenticate</u> her contract. Plaintiff believed she did authenticate it.   However, Plaintiff is not an attorney, she is a Pro Se Litigant out of necessity due to an "injustice and self preservation"

which has been exhausting and for the most part beyond her mental, physical and financial means.

Plaintiff did believe she authenticated all her exhibits by and through through her Affidavit, however, If she did fail to do so, she can offer a supplement to her October 2016 Affidavit as follows:

## AFFIDAVIT

I, Genevieve Henderson, hereby make the following statement to the best of my knowledge and belief:

1. I hereby incorporate my entire October 2016 Affidavit herein .

2. The Forbearance Agreement that I produced in my Opposition to Defendant's Summary Judgment is a true copy of the original agreement that I mailed to Defendant in 2011and it is the same contract that Defendant breached.   I entered into no other contract with Defendant.

Notary Public

*Donna McManus*
My Commission Expires 3-31-2019
Lic# 166367
(12-21-2016)

AFFIANT

*Genevieve Henderson*
Genevieve Henderson.
12-21-16

d) Defendant erroneously argues that Plaintiff contradicts her deposition.

Plaintiff's deposition testimony does not contradict the 3 payment agreement. On page 9 of Defendant's Motion to Strike, Defendant states Plaintiff was asked:
> "Q. So if you had a copy of it, it likely would have been in the document production you made to me. **Isn't that right?**"
> "A. Probably, yes."

It's important to note that this was a tedious, repetitious, at times badgering, 6 hour (about) 300 page deposition, that was "extremely" tiring upon Plaintiff.

Moreover Defendant's use of words in portraying Plaintiff's answer infers "she would have produced it during discovery" if she had the 3 payment agreement

Defendant posed the question as "is it likely" you would have produced it in discovery. " Likely" would hardly mean that Plaintiff deliberately withheld the agreement, or she didn't have it.

Defendant's inference is over reaching. Plaintiff has told counsel many times how very difficult it is for her to go through hundreds and hundreds of documents both physically and visually. Especially since copies of her documents

were rarely stapled and became scattered, so it was "extremely" difficult going through the "digging" process.

It's also noteworthy to mention Plaintiff's testimony was that she sent the original 3-payment contract to Wells Fargo.  And, Plaintiff has always maintained that Defendant breached the contract.

Because Defendant received Plaintiff's copy of the contract BEFORE discovery by way of Plaintiff's Opposition to Defendant's Motion to Dismiss in 2015, AND ORIGINALLY in 2011 when Plaintiff signed and returned her contract to Defendant in accordance with Defendant's instructions, certainly makes clear that Defendant in fact, was in possession of that contract, thereby, making any request for it's production, an ABUSE of the Discovery process.

On page 6 of Defendant's Motion to Strike, the first line states

> "there can be no doubt that the 3 payment agreement
> is relevant to the party's claim . . . such that a reasonable
> Trier of Fact could find it would support that claim."

Evidently the above statement by Defendant, reveals their concern that there is a material fact in dispute, in fact, it says more, however, such dispute is all

that's needed to defeat Summary Judgment and the 3-payment agreement is legally sufficient.

On page 7 of its Motion to Strike, Defendant misrepresents that it 'was deprived an opportunity to form an adequate defense based on the 3 payment agreement." But page 14, para C of Defendant's Memorandum of Law sets out its defenses to said agreement.

Defendant argues that the agreement is unenforceable due to the language of it. This argument must fail because the language itself states that it relies upon the 3-payment contract. Defendant is improperly addressing the Merits of Plaintiff's claim instead of fulfilling its duty to demonstrate that there is no material fact in dispute. Whether the contract is 3 payments as Plaintiff claims, or 4 payments as Defendant claims, is up to the Trier of Fact to decide, and, Plaintiff's contention is that **there is a material factual issue in dispute**

e) On pg 5 of Defendant's Reply, he cites paragraph 2 of the agreement which sets forth 3 important element as follows:

1. " Upon successful completion of the agreement . . ."
2. Any "outstanding payments . . . will be reviewed for a loan modification . . . this will satisfy the remaining past due payments."
3. " **and** we will send you a loan modification agreement."

A reasonable construction of this agreement is that once Plaintiff successfully completes her 3 temporary payments timely, it triggers Defendant's contractual obligation to do 2 things:

  i. Review Plaintiff's outstanding past due payments for a loan modification. and then

  ii. "and we will send (Mrs. Henderson) a loan modification agreement."

Plaintiff did, in fact, successfully make her 3 temporary payments timely, notwithstanding Defendant's failure to review her and send her a loan modification agreement, in BREACH of this agreement.

The simple meaning of the word "and" means in addition to, it is not conditional. In other words, once Plaintiff fulfilled her obligation, Defendant was contractually obligated to review Plaintiff's outstanding payment s and send her the loan modification agreement.   DEFENDANT DID NEITHER.

f)  Regarding the newspaper articles Defendant claims are inflammatory, Plaintiff would ask this Honorable Court to take Judicial Notice of the fact that Defendant's disgraced CEO of Wells Fargo, John Stumpf (whom this Plaintiff communicated with in her case), was questioned by the United States Congressional Inquiry Committee where Mr. Stumpf ADMITTED to the fact that thousands of Wells Fargo Employees FORGED millions of FRAUDULENT bank accounts.

Plaintiff personally viewed Wells Fargo's CEO, John Stumpf, when he was questioned and ADMITTED to the US Committee that millions of fraudulent, forged, Bank Accounts were opened by thousands of Wells Fargo employees. .

**This is beyond speculation.  It is a fac**t that lead to Mr. Stumpf's departure from Wells Fargo and goes to the VERACITY of Wells Fargo.    To believe that this type of conduct and practice did not occur in Plaintiff's case to win their lawsuit, is contrary to logic and goes to Defendant's regular course of

business practices. and this Plaintiff has complained about this type of conduct in her case for years.

Introducing a company's bad abusive fraudulent conduct, is the same as introducing a witnesses record to identify who they are and their "veracity."

3. A Defense Counsel CAN NOT also be a witness to the same Defendant in the same case. Thereby Counsels Affidavit must be stricken or removed. He can not be both.

4. In Defendant's supplement to its Summary Judgment Motion, it makes several arguments that only address's the Merits of Plaintiff's claim, and Defendant claims that Plaintiff has failed to prove an "issue in dispute."

One need not look any further than Defendant's own Rule 56(a)(1) Statement. Paragraphs 40 thru 49 makes clear that **there was indeed a contract;** and, paragraph 50 states that **Plaintiff Breached it.**

Defendant also produced their version of the contract and **disputes that Defendant breached it.** Hence we have a **material factual issue in dispute.** Thereby, **excluding Summary Judgment as a matter of law.**

5. Plaintiff's case hinges upon her Breach of Contract claim, consequently, to Strike this Contract will certainly work an injustice to Plaintiff.

6. Defendant can not point to any actual prejudice suffered by the inclusion of the Forbearance Agreement.

7. Wells Fargo's Supplement to its Summary Judgment Motion and its Motion to Strike appears to be a LATE and DESPERATE attempt, as well as another tactic to insure that Plaintiff does not have her day in Court.

8. Wells Fargo has left a wake of misery, loss and sorrow, (in one case, death) to many families in their path of abusive, fraudulent, conduct.

9. Defendant argues that the genesis of the agreement is mediation. That is just NOT factually correct. According to Defendant's standards, the agreement was born from ongoing negotiations that started BEFORE the State foreclosure action was ever filed. Plaintiff and Defendant both agree that Plaintiff contacted Defendant Pre-foreclosure and began negotiations to modify her loan to AVOID foreclosure. See Defendant's Rule 56 (a)(1) Statement and Plaintiff's Affidavit 5 thru 8.

**IN CONCLUSION**, DEFENDANT IS NOT PREJUDICED, nor has Plaintiff's Affidavit and/or Contract surprised Defendant. Defendant has produced their own version of the Contract as well as its exhaustive defenses against Plaintiff's Breach claims which CLEARLY VERIFIES Defendant fully understood that Plaintiff's Contract claims 3 payments, and Defendant's claims 4 payments.. Defendant clearly sets these facts out in its Summary Judgment Motion evidencing NO SURPRISE and NO PREJUDICE.

**WHEREFORE**, Plaintiff prays this Honorable Court DENIES Defendant's Summary Judgment Motion, and its Motion to Strike. ..

Respectfully submitted,

*(signature)*

Genevieve Henderson
22 Lake Road
Middlefield, Ct. 06455
Tele: 860) 349-0002
genihender@aol.com

December 22, 2016

**CERTIFICATION**
The undersigned hereby certifies that a copy of the foregoing Objections was emailed to Attorney Sean Higgins, K & L GATES LLP, State Street Financial Center, One Lincoln St., Boston, MA 02111, on December 22, 2016.  .

By Genevieve Henderson  _(signature)_

20 of 20